By the Court.—Curtís, Ch. J.
—The action is brought to recover for legal services rendered the de- - ceased in his lifetime. No question was raised on the trial as to the rendering of the services, and no exceptions were taken to the charge to the jury.
The only points raised for consideration • on this appeal, are the defendants’ exceptions to the rulings *290 of the court upon the reception of testimony, and also upon the claim of the defendants, that the damages are excessive.
The plaintiff, when testifying at the trial, was asked this question on his own behalf: “Question. About the time you were introduced to Mr. Garner, did you commence any action for him ?” To which defendants objected that the witness was incompetent to testify on the subject, -being a party, and the other party being dead; the objection was overruled, and defendants excepted. The answer was “I did.” The appellants claim that this exception is well taken, and that the reception of this evidence was in conflict with the provisions of section 399 of the Code; that it was in effect allowing the plaintiff to testify on his own behalf in regard to a personal transaction or communication between the witness and the deceased, or that at least, the form of the question was such that taken in connection with the answer it called for, it must have been so understood by the jury. The employment of the plaintiff by the deceased was one of the issues raised by the pleadings.
The protection sought to be afforded to the estates of deceased persons, by this section of the Code, has not been viewed with disfavor by the courts, and has led to perhaps a stringent interpretation and application of its provisions, but yet not more so than what is deemed requisite in the due administration of justice. Considered in respect to the recent decisions in Brague v. Lord,* court of appeals, and Ross v. Harden,† at the general term of this court, I am led to the opinion, that the objection to this question in the form that it was asked, should have been sustained, and that the appellants’ exception was well taken.
The remaining exception of the appellants to which *291 the attention of the court was chiefly called at the argument was as follows. On the trial, Rufus L. Scott was examined as a witness on behalf of the plaintiff. He testified, “I am a lawyer; have been about fifteen years; have heard the evidence of Mr. Freeman just given in this case.” Question by plaintiff : “ Will you state to the court and jury, what you think was a reasonable charge for the services rendered by him, as testified to by him, as attorney ?” This was objected to by the defendants, “as irrelevant and improper, and as improperly calling for the opinion of the witness, and because the witness has no right to judge in reference to the testimony that is in the case.” The objections were overruled, and defendants excepted.
The value of the professional services of the plaintiff was a question of fact to be decided by the jury upon the testimony. A witness who without any previous knowledge of the services after simply hearing the plaintiff’s testimony in the court at the trial on the subject, is not competent to testify as to their value, if objected to. He may be asked hypothetical questions, based upon facts, stated by witnesses, and claimed by counsel to have been proved by their testimony. The attention of the witness is thus called to a state of facts, and he answers without any reference as to whether they have been proved, or are true or not. His field is in this way limited, and that of the jury is not encroached upon.
This is the doctrine held in the case of Reynolds v. Robinson (64 N. Y. 589), where in an analogous case the value of professional services was allowed, against objection, to be testified to by a witness, who had heard the testimony of his professional brothers at the trial, and on this ground the judgment of the general term of the supreme court, affirming a judgment en *292 tered upon the report of a referee, was reversed and a new trial ordered.
It is pressed by the respondent, that even if there were errors in these rulings of the court, as to the admission of the testimony, that it could have done no possible injury to the appellants, and should therefore be disregarded. It may be that the jury were not influenced by this testimony, which should have been, excluded, but a careful consideration of the case does not enable me to come to the conclusion that this was certainly so, and it is preferable to follow the action of the courts in the cases cited.
There were other exceptions in the case to the admission of testimony, but none that called for the granting of a new trial.
The judgment appealed from should be reversed, and a new trial granted, with costs to the defendant to abide the event of the new trial granted.
Sanford and Freedman, JJ., concurred.

 2 Abb. New Cas. 1.

 42 N. Y. Superior Ct. Rep. 427.