WILLIAM BURROWS, RESPONDENT, *v.* AUGUSTUS BUTLER AND JOHN Q. A. BUTLER, ADMINISTRATORS, ETC., FOR WILLIAM R. BUTLER, DECEASED, APPELLANTS.

*Evidence — when a party may testify as to the value of services rendered by him to a deceased person — Code of Civil Procedure, sec. 829 — whether or not the plaintiff has offered to refer a claim should not be submitted to the jury — right of a party to address the jury on all questions submitted to it.*

Upon the trial of this action, brought to recover the value of services rendered by the plaintiff to the defendants' intestate, the employment of the plaintiff and the rendition of the services by him were proved by witnesses other than himself.

*Held,* that it was proper to allow him to testify as to the value of the services so rendered; that such testimony did not relate to a personal transaction or communication with a deceased person within the meaning of section 829 of the Code of Civil Procedure.

After the jury had brought in a verdict for the plaintiff, his counsel requested that the jury should be directed to retire and find whether the plaintiff had offered to refer the claim before bringing the action. To this the defendants counsel objected, and upon the court overruling his objection requested to be heard before the jury on that subject. This request was denied. The jury found that the plaintiff had offered to refer the claim, whereupon the court ordered costs to be allowed in favor of the plaintiff.

*Held,* that the question as to whether or not an offer was made should not have been submitted to the jury; that it should have been decided upon a special motion upon affidavits.

That in any event it was error not to allow the counsel of the defendants to be heard by the jury upon that subject.

APPEAL from a judgment in favor of the plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

*L. B. Treadwell,* for the appellants.

*Schatz & DeWitt,* for the respondent.

DANIELS, J.:

There was evidence given upon the trial, by the witness John Burroughs, which directly tended to prove that the plaintiff had been employed by the intestate to perform the work and labor, for the value of which a recovery was asked in the action. For he stated that the intestate was present at the place where the work was being done, and gave orders and directions as to how and what was to be done, and that the work itself was performed upon patterns belonging to the intestate. This was sufficient to warrant the judge presiding at the trial in submitting this part of the case to the jury, although the correctness of this statement was drawn in question by the evidence of the defendants. It still left the case upon this part of the controversy a question of fact to be determined by the jury.

The same witness thought that from six to seven weeks were consumed in the performance of the work, and that it was worth five dollars a day. The plaintiff himself as a witness in his own behalf gave similar evidence. His statement was that thirty-eight and one-half days' labor was performed upon the job and the service was worth five dollars a day. Both this evidence and that of the preceding witness was controverted by the testimony given on behalf of the defendants. But still that testimony was not so controlling as to authorize this subject to be withdrawn from the consideration of the jury. The inquiry was still for them, "What was the extent and value of the services so performed?"

The testimony of the plaintiff concerning the time consumed in the labor performed, was objected to by the defendants, and they excepted to the ruling which allowed it to be given. But as no ground was stated in the objection, but it was presented in the most general form, it cannot be held that the court errred in allowing the plaintiff to testify to the time consumed in the labor. But as to the value of the service performed, the objection was more specific and it included the objections that the proof offered involved a personal transaction with the deceased. This objection presents the point of the plaintiff's competency to give evidence concerning the

value of the services performed under the employment of the deceased intestate, and section 829 of the Code will not allow such testimony to be obtained from the party where it concerns a personal transaction or negotiation between himself and the deceased person. The employment itself was a personal transaction between these parties. But neither the service which was performed afterwards solely and wholly by the plaintiff and the persons in his employment, nor the judgment of the plaintiff himself concerning the value of such service, related to a personal transaction between the plaintiff and the intestate. The extent of the personal transaction between these persons was the employment of the plaintiff to render these services. The rendition of the service itself was a transaction of the plaintiff in which the intestate in no way or manner participated. He had employed the plaintiff to perform certain services and their performance was then left exclusively to the plaintiff and the persons employed by him, and it was as to the value of the services performed in that manner that the plaintiff was allowed to be asked his judgment as a witness in the case. His expression of that judgment resulted only in a valuation of the services, and consequently related wholly to what the plaintiff himself had done and had caused to be done. It was the performance of what he had been employed to do in a contract or transaction with the deceased intestate, and in no manner included the making of that contract or transaction. He with his men, performed a certain amount of service on range patterns belonging to the intestate, and he was permitted only to give, under the specific objection taken, his judgment of the value of the services so performed, and this evidence was not within the prohibition of this section of the Code, even as it has been, and without doubt should be liberally construed by the courts in carrying it into effect. (*Holcomb* v. *Holcomb*, 95 N. Y., 316, 324–6.)

The evidence allowed to be received from the plaintiff under this objection was entirely different from that which was received from the surviving party in *Ross* v. *Ross* (6 Hun, 182), *Conway* v. *Moulton* (Id., 650), *Somerville* v. *Crook* (9 id., 664) and *Freeman* v. *Lawrence* (11 Jones & Spencer, 288), for the proof in controversy in those causes related directly to what was claimed to have transpired between the survivor and the deceased person.

After the case was submitted to the jury, and as already stated that was done upon sufficient evidence, and they had agreed upon their verdict, they returned into court with a statement of the amount they had found in favor of the plaintiff. The plaintiff's counsel thereupon requested that the jury should be directed to retire and find whether there was an offer on the part of the plaintiff to refer the claim to a referee. To this the defendant's counsel objected, but the court determined to send the jury out again to decide this question, as the fact had been alleged in the complaint and denied in the answer. But before they were sent out the defendant's counsel requested that he should be heard before the jury on that subject. This request was denied and an exception was taken to the denial. The jury then retired and afterwards returned into court with the additional verdict that the plaintiff had offered to refer his claim to a referee, and that the defendant had refused to refer, and upon that part of their verdict the court ordered costs to be allowed in favor of the plaintiff. It was no part of the issue to be tried by the jury whether an offer to refer had been made and refused or not. But that according to the settled rule of practice is a subject to be settled by way of special motion upon affidavits after the rendition of the verdict for the amount due to the plaintiff.

But if the inquiry in any case should be submitted to the jury, certainly the counsel requesting that privilege have the right to be heard upon it before the jury retire to deliberate upon the evidence. As the rule of practice was settled, it could not have been anticipated before the jury retired to deliberate upon their verdict, that any such inquiry as this would have been submitted to them, and for that reason the counsel could very well avoid all reference to it in the course of his argument. This inquiry does not seem to have been included in the submission first made of the case to the jury. But the propriety of submitting it was suggested for the first time, apparently after the jury had agreed upon their verdict in favor of the plaintiff. The inquiry affected an important right as it included that of the liability of this estate to the recovery of costs in the action, and before it could justly be determined against the defendants they had the right through their counsel to be heard before the jury. It was error, therefore, for the court to refuse the request of the defendants' counsel. He should have been permitted

to argue this point as he desired to do, if the jury were to be allowed, as they were by the court, to consider the evidence relating to it and determine it as a part of their disposition of the action.

The exception taken to the refusal of the court to allow this point to be discussed by the counsel was well taken, and the judgment so far as it includes the recovery of costs should be reversed, but so far as it proceeds upon the verdict of the jury finding the amount stated by them to be due to the plaintiff, it was reasonably well supported by the evidence and it, with the order denying a new trial, should be affirmed. And this modification should be made without costs of the appeal to either party.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed except as to costs, and as to costs reversed without prejudice to a motion for an order allowing costs, and without costs on appeal.